**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1390-17T4

DANA CLARK STEVENSON,

     Petitioner,

v.

DEPARTMENT OF LAW AND
PUBLIC SAFETY,

     Respondent-Respondent.

_____

        Argued September 18, 2019 – Decided October 1, 2019

        Before Judges Fuentes and Haas.

        On appeal from the New Jersey Department of Law and Public Safety.

        Michael M. Mulligan, Salem County Counsel, argued the cause for appellant County of Salem.

        Robert J. McGuire, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Robert J. McGuire, on the brief).

PER CURIAM

Appellant County of Salem (the County) appeals from the Attorney General's final decision denying the County's request for defense and indemnification in connection with a class action lawsuit filed against it by a group of inmates. We affirm.

The underlying facts of this matter are not in dispute. On May 17, 2017, four inmates housed by the County in the Salem County Jail filed a complaint against the County in the Law Division. The inmates alleged that the County violated their federal and state civil rights by adopting policies and practices requiring that they and other similarly-situated inmates be "classified as suicidal for no apparent reason, made to wear garments which exposed [their] private parts, and . . . routinely strip searched" several times a day. The inmates sought an award of compensatory damages, and a judgment declaring the County's "policies, practices and customs to be unconstitutional and/or violations of their rights."

Significantly, the complaint did not name the County Sheriff or any individual county employees as defendants. On June 19, 2017, the County filed an answer to the complaint.

Two months later, the County sent a letter to the Attorney General and the Commissioner of the State Department of Corrections demanding that the

Attorney General defend and provide indemnification to the County in the lawsuit. In support of this demand, the County relied upon the Tort Claim Act, N.J.S.A. 59:1-1 to -12.3 (the Act), but failed to cite a specific section of the Act that supported its request. The County also referred to the Supreme Court's seminal decision in Wright v. State, 169 N.J. 422 (2001) in support of its claim that it was entitled to defense and indemnification.

On September 21, 2017, the Attorney General rendered a written decision denying the County's demand. The Attorney General explained that in Wright, the Court held that a county prosecutorial employee, sued for actions taken while acting in his or her law enforcement or investigatory capacity, could be considered a "State employee" under the Act and entitled to defense and indemnification provided by the State. In this case, however, the Attorney General determined that Wright did not apply because the County's development and implementation of a strip search policy at the county-operated correctional facility was an administrative function, rather than a law enforcement action. This appeal followed.

On appeal, the County raises the following contentions:

> POINT ONE: The County Sheriff and his uniformed corrections staff prove to be local agents of the State for law enforcement purposes respecting the management of a county adult correctional facility.

POINT TWO: A county sheriff's operation of a county jail is subject to a compulsory and pervasive State government regulatory framework administered by the Attorney General and the Department of Corrections.

POINT THREE: The vicarious liability rule of the New Jersey Tort Claims Act [the Act] authorizes imposition of liability on the State for unintentional wrongs by its local law enforcement "agents[,"] including county jail corrections staff.

POINT FOUR: Where the [Act] permits vicarious liability to be imposed upon the State of New Jersey for a sheriff's law enforcement officer's unintentional wrongs, the State owes trial court defense and indemnity obligations to the sheriff and the county.

We have reviewed the County's contentions in light of the record and applicable law, and conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

The County based its demand for defense and indemnification on two grounds: the Act and the Court's decision in Wright. However, neither provides support for the County's contentions.

N.J.S.A. 59:10A-1 provides that "the Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on

account of an act or omission in the scope of his [or her] employment." (emphasis added). "If . . . the Attorney General provides for the defense of an employee or former employee, the State shall [also] provide indemnification for the State employee." N.J.S.A. 59:10-1. (emphasis added).

Here, only the County was named as a defendant in the inmates' complaint. Neither the County Sheriff nor any of his individual employees were parties to the Law Division action. Because the Act plainly states that only an employee may seek defense and indemnification, the County was not entitled to do so under the Act, N.J.S.A. 59:10A-1; N.J.S.A. 59:10-1, and the County was unable to offer any alternate statutory support for its claim.

Under these circumstances, the Court's decision in Wright is simply inapplicable. In that case, the Court had to decide whether employees of a county prosecutor's office should be treated as "State employees" eligible for defense and indemnification in a case where they were sued as individuals for alleged improper actions taken during their law enforcement activities. Wright, 169 N.J. at 429-31. The Court concluded that these county prosecutors held a "hybrid status" due to their "unique role" in performing a "function that has traditionally been the responsibility of the State and for which the Attorney General is ultimately answerable." Id. at 455-56.

In the present case, however, no county employees were parties to the underlying class action lawsuit, and no employees sought defense and indemnification from the State. Therefore, and contrary to the County's assertions, there is no need to perform a Wright analysis in this matter.

Nevertheless, and for purposes of completeness, we note that the County Sheriff "and his [or her] office are part of county government." In re Burlington County Bd. of Chosen Freeholders, 99 N.J. 90, 97 (1985). Unlike the situation in Wright, where the county prosecutors shared responsibility with the State for the enforcement of the State's criminal law, the County Sheriff alone is charged with "the care, custody and control of the county jail or jails and all persons therein, and shall be responsible for the conduct of any keeper appointed by him" to oversee the operation of those institutions. N.J.S.A. 30:8-17. These "administrative functions[,]" including the development and implementation of the challenged search procedures, "are the exclusive responsibility of the County" and, therefore, do not fall under the rule of Wright. Lavezzi v. State, 219 N.J. 163, 167 (2014); see also Kaminskas v. Office of the Attorney General, 236 N.J. 415, (2019) (reaffirming Wright, and holding that the Attorney General was not required to defend and indemnify county police officers).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1390-17T4